IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ARTIMUS L. FEGANS,                        §
                                          §
               Plaintiff,                 §
                                          §
v.                                        §
                                          §    CIVIL ACTION NO. H-09-4019
SHAWN R. JOHNSON, M.D. and                §
KENNETH E. HOLCOMBE, M.D.,                §
Individually,                             §
                                          §
               Defendants.                §


**MEMORANDUM OPINION AND ORDER**


Plaintiff, Artimus L. Fegans, an inmate in the Harris County jail, brings this action against defendants, Shawn R. Johnson, M.D. and Kenneth E. Holcombe, M.D., in their individual capacities, under 42 U.S.C. § 1983 for violating rights guaranteed by the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.  Plaintiff alleges that the defendants acted with deliberate indifference to his serious medical needs by ignoring his complaints and refusing to treat him for an epidural abscess, which caused him to be paralyzed from the waist down.  Pending before the court are Defendant Kenneth E. Holcombe, M.D.'s Motion to Dismiss Under FRCP 12(b)(1) and (6), and Alternative Motion for More Definite Statement Under FRCP 12(e) (Docket Entry No. 6), and Memorandum in Support of Defendant Shawn R. Johnson, M.D.'s Motion to Dismiss Under FRCP

12(b)(1) and (6) and Alternative Motion for a More Definite
Statement Under FRCP 12(e) (Docket Entry No. 21).  The motions of
Dr. Holcombe and Dr. Johnson to dismiss for lack of subject matter
jurisdiction will be denied, and their motions to dismiss for
failure to exhaust administrative remedies will be converted to
motions for summary judgment and will be granted.

## I.  Procedural Background

On December 16, 2009, plaintiff filed this action against
defendants, Dr. Holcombe and Dr. Johnson in their individual
capacities, for violation of his constitutional right to be free
from cruel and unusual punishment caused by the delay of treatment
for his serious medical needs (Docket Entry No. 1).  On January 9,
2010, Dr. Holcombe filed his pending motion to dismiss and
alternative motion for more definite statement (Docket Entry
No. 6).  Dr. Holcombe argues that plaintiff's claims against him
are subject to dismissal because he is entitled to qualified
immunity, because plaintiff failed to exhaust his administrative
remedies before filing suit, and because plaintiff failed to allege
facts capable of proving that he acted with deliberate indifference
to plaintiff's serious medical needs.[1]

On January 28, 2010, plaintiff filed a motion to amend (Docket
Entry No. 12), which the court granted (Docket Entry No. 16).  On

---

[1]See proposed Order on Defendant Kenneth E. Holcombe, M.D.'s
Motion to Dismiss Under FRCP 12(b)(1) and (6), and Alternative
Motion for More Definite Statement Under FRCP 12(e), attached to
Docket Entry No. 6.

January 29, 2010, Plaintiff's First Amended Original Complaint was filed (Docket Entry No. 17).  In his amended complaint plaintiff reasserts claims for violation of his constitutional right to be free from cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution; and plaintiff seeks actual damages, attorney and expert witness fees, interest, and costs of suit.  On February 2, 2010, Plaintiff's First Amended Memorandum in Response to Defendant Kenneth E. Holcombe, M.D.'s Motions to Dismiss Under Fed. R. Civ. P. 12(b)(1) and (6) and Motion for a More Definite Statement Under Fed. R. Civ. P. 12(b)(1) (Docket Entry No. 18) was filed.

On February 12, 2010, Dr. Holcombe filed a Supplemental Memorandum in Support of Defendant Kenneth E. Holcombe, M.D.'s Motion to Dismiss Under FRCP 12(b)(1) and (6) and Alternative Motion for More Definite Statement Under FRCP 12(e) (Docket Entry No. 19) in which he reasserted the arguments made in his pending motion to dismiss and alternative motion for more definite statement.  Attached to Dr. Holcombe's Supplemental Memorandum are a number of documents mentioned in the plaintiff's complaint, including the Harris County Inmate Handbook, and letters dated May 23, 2008, from Harris County Judge Ed Emmett and President of the Harris County Hospital District, David Lopez, acknowledging receipt of the Statutory Notice of Claims sent to them by plaintiff's counsel.  Also attached is an affidavit executed by Dr. Holcombe.

On February 22, 2010, plaintiff filed a Sur Reply to Dr. Holcombe's motions (Docket Entry No. 20).  Attached to the plaintiff's Sur Reply are a number of documents mentioned in plaintiff's amended complaint, including the Harris County Inmate Handbook, the Statutory Notice of Claims that plaintiff's attorney sent to Harris County Judge Ed Emmett, the Harris County Commissioners, Harris County Sheriff Thomas Thompson, and the President of the Harris County Hospital District, David Lopez, and letters dated May 23, 2008, from Ed Emmett and David Lopez acknowledging receipt of the plaintiff's Statutory Notice of Claims.  Also attached is an affidavit executed by the plaintiff.

On March 22, 2010, Dr. Johnson filed a Memorandum in Support of Defendant Shawn R. Johnson, M.D.'s Motion to Dismiss Under FRCP 12(b)(1) and (6) and Alternative Motion for a More Definite Statement Under FRCP 12(e) (Docket Entry No. 21).  Like Dr. Holcombe, Dr. Johnson argues that plaintiff's claims against her are subject to dismissal because she is entitled to qualified immunity, because plaintiff failed to exhaust his administrative remedies before filing suit, and because plaintiff has failed to allege facts capable of proving that she acted with deliberate indifference to his serious medical needs.  Attached to Dr. Johnson's motion is a copy of the Harris County Inmate Handbook.

On March 30, 2010, plaintiff filed a Memorandum in Response to Dr. Johnson's pending motions (Docket Entry No. 22).  Attached to

-4-

the Plaintiff's Memorandum in Response to Dr. Johnson's Motions are
(1) a copy of the Notice of Claims that the plaintiff's attorney
sent to Harris County Judge Ed Emmett, the Harris County
Commissioners, Harris County Sheriff Thomas Thompson, and the
President of the Harris County Hospital District, David Lopez,
(2) copies of certified mail receipts showing that mail was sent to
these individuals on May 21, 2008, and (3) a copy of a letter dated
May 23, 2008, from Harris County Judge Ed Emmett acknowledging
receipt of the plaintiff's Statutory Notice of Claims.  Also
attached is an affidavit executed by the plaintiff.

## II.  <u>Factual and Legal Allegations</u>

At all times relevant to the claims asserted in this action
plaintiff was an inmate at the Harris County jail, and the
defendants were private physicians contracted by Harris County
through private physician staffing companies to provide medical
services to county inmates.  Plaintiff alleges that on December 27,
2007, he was

> suffering from a serious medical malady, an epidural
> abscess at levels T-9 through T-11 of his thoracic spine,
> evidenced by persistent pain and neurological deficits in
> his bowel and bladder dysfunction and also loss of
> feeling in his legs.  By December 27, 2007, when the
> Defendant Doctors examined him, the Plaintiff's clinical
> status had declined to include significant impairment in
> his legs, requiring the use of a wheelchair.  Both
> Defendant Doctors examined the Plaintiff on December 27,
> 2007, both Defendant Doctors ignored the fact that his
> impairments had progressed to include an inability to
> ambulate, and both Defendant Doctors ordered the
> Plaintiff returned to his cell instead of ordering his
> transfer to a hospital, and thereby unreasonably delayed

-5-

the hospital care and surgery required by the Plaintiff's medical condition.  The unreasonable delay in proper medical treatment directly caused by both of the Defendant Doctors in returning the Plaintiff to his cell after his clinical assessment in the Medical Unit resulted in and proximately caused the Plaintiff's permanent paraplegia and lifelong use of a wheelchair and other bodily impairments and a deprivation of his rights guaranteed by federal law.  The Defendants' deliberate indifference to the serious medical needs of the Plaintiff constituted unnecessary and wanton infliction of pain.  For three days, from December 27 through December 29, 2007, the Plaintiff lay paralyzed on his bunk in his cell.[2]

Plaintiff alleges that by not sending him to the hospital on December 27, 2007, both of the defendant doctors who examined him that day in the jail medical unit demonstrated conscious indifference to his serious medical needs, thereby violating rights guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.  Plaintiff alleges that the defendants are not entitled to qualified immunity because the rights they violated were clearly established.

### III.  <u>Subject Matter Jurisdiction</u>

Both Dr. Holcombe and Dr. Johnson seek dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted.  When a Rule 12(b)(1) motion is filed together with other Rule 12 motions, the court should address the jurisdictional attack before

---

[2]Plaintiff's First Amended Original Complaint, Docket Entry No. 17, p. 6 ¶ 17.

addressing any attack on the merits.  <u>See Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001), <u>cert. denied sub nom. Cloud v. United States</u>, 122 S.Ct. 2665 (2002) (citing <u>Hitt v. City of Pasadena</u>, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam) ("Dismissal . . . for failure to state a claim is a decision on the merits . . . whereas a dismissal on jurisdictional grounds alone is not on the merits.").  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." <u>Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.</u>, 143 F.3d 1006, 1010 (5th Cir. 1998).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." <u>Ramming</u>, 281 F.3d at 161.

Plaintiff asserts that the court "has jurisdiction over this lawsuit because the action arises under the Eighth and Fourteenth Amendments to the United States Constitution and under 28 U.S.C. § 1331 pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988."[3] Dr. Holcombe argues that the plaintiff's claims are subject to dismissal for lack of subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies and "failed to allege a Civil Rights violation sufficiently to invoke the federal question subject-matter jurisdiction of this Court."[4]  Dr. Johnson

---

[3] <u>Id.</u> at 2 ¶ 4.

[4] Supplemental Memorandum in Support of Defendant Kenneth E. Holcombe, M.D.'s Motion to Dismiss Under FRCP 12(b)(1) and (6) and (continued...)

argues that the plaintiff's claims are subject to dismissal for lack of subject matter jurisdiction because the "Plaintiff's complaint does not sufficiently demonstrate that he was deprived of any right secured by federal law or that Dr. Johnson acted with 'deliberate indifference' to his medical conditions."[5]

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  But "a prisoner's failure to exhaust administrative remedies does not deprive courts of subject matter jurisdiction in suits covered by the PLRA."  Dillon v. Rogers, 596 F.3d 260, 271 (5th Cir. 2010) (citing Woodford v. Ngo, 126 S.Ct. 2378, 2391-92 (2006)).

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners.  Estelle v. Gamble, 97 S.Ct. 285 (1976); Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).  For a prison official to be liable for deliberate indifference, the plaintiff

---

[4](...continued)
Alternative Motion for More Definite Statement Under FRCP 12(e) (Dr. Holcombe's Supplemental Memorandum), Docket Entry No. 19, p. 2.

[5]Memorandum in Support of Defendant Shawn R. Johnson, M.D.'s Motion to Dismiss Under FRCP 12(b)(1) and (6) and Alternative Motion for a More Definite Statement Under FRCP 12(e) (Dr. Johnson's Memorandum), Docket Entry No. 21, p. 3.

-8-

must show that the official knows of and disregards an excessive
risk to inmate health and safety.  <u>Farmer v. Brennan</u>, 114 S.Ct.
1970 (1994).  In support of their arguments that plaintiff has
failed to allege a civil rights violation sufficiently to invoke
the court's federal question jurisdiction, Drs. Holcombe and
Johnson contend that plaintiff failed to plead facts needed to show
that either of them was deliberately indifferent to the plaintiff's
serious medical needs.[6]

A plaintiff's failure to plead facts showing that the
defendant acted with the state of mind required to establish
liability for the alleged claims challenges the plaintiff's failure
to state a claim for which relief may be granted but does not
challenge the court's statutory or constitutional power to
adjudicate the case.  <u>See Home Builders Ass'n of Mississippi</u>, 143
F.3d at 1010.  Because neither the plaintiff's failure to exhaust
his administrative remedies nor the plaintiff's failure to allege
facts that tend to show that the defendant doctors acted with
deliberate indifference to his serious medical needs deprives the
court of the power to adjudicate his § 1983 claim for denial of
medical care, both defendants' motions to dismiss for lack of
subject matter jurisdiction will be denied.

---

[6]<u>Id.</u> at 3-4, and Dr. Holcombe's Supplemental Memorandum,
Docket Entry No. 19, pp. 10-11.

## IV.  Exhaustion of Administrative Remedies

Drs. Holcombe and Johnson argue that the claims asserted against them in this action are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) because plaintiff failed to exhaust his administrative remedies prior to filing suit.  In his First Amended Original Complaint, plaintiff admits that he "did not file a Grievance with the Harris County Jail prior to filing this suit against Dr. Johnson and . . . Dr. Holcombe."[7]  Plaintiff alleges that his claims are not subject to dismissal for failure to exhaust administrative remedies:  (1) "because the filing of a Grievance was not available to him against the Medical Unit and Defendant Dr. Johnson and Defendant Dr. Holcombe in particular,"[8] (2) because "[o]n May 21, [he] provided written notice of his claims as . . . [evidenced] by letters from the Harris County Judge Ed Emmett and also from the Harris County Hospital District President/CEO David Lopez, both dated May 23, 2008,"[9] and (3) because "the Defendant Doctors are equitably estopped from using exhaustion of administrative remedies as an affirmative defense."[10]  Plaintiff also argues that Dr. Johnson waived her

---

[7]Plaintiff's First Amended Original Complaint, Docket Entry No. 17, pp. 2-3 ¶ 7.

[8]Id. at 3 ¶ 8.

[9]Id. at 4 ¶ 11.

[10]Id. ¶ 12.

ability to complain about his failure to exhaust his administrative remedies because she did not allege any such affirmative defense in the answer that she filed to his original complaint.[11]

## A.    Standard of Review

A Rule 12(b)(6) motion to dismiss tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming, 281 F.3d at 161.  The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiffs, and draw all reasonable inferences in the plaintiffs' favor.  Id.  The court may not look beyond the pleadings in ruling on the motion.  Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999), cert. denied, 120 S.Ct. 2659 (2000).  If, however,

> on a motion under Rule 12(b)(6) . . . matters outside the
> pleadings are presented to and not excluded by the court,
> the motion must be treated as one for summary judgment
> under Rule 56.  All parties must be given reasonable
> opportunity to present all the material that is pertinent
> to the motion.

Fed. R. Civ. P. 12(d).

A party is on notice of the possibility that a court may convert a Rule 12(b)(6) motion to a motion for summary judgment ten

---

[11]Plaintiff's Memorandum in Response to Defendant Shawn R. Johnson, M.D.'s Motions to Dismiss Under Fed. R. Civ. P. 12(b)(1) and (6) and Motion for a More Definite Statement Under Fed. R. Civ. P. 12(e) (Plaintiff's Memorandum in Response to Dr. Johnson), Docket Entry No. 22, p. 13.

days after a party submits evidence outside of the pleadings if such evidence is not excluded by the court.  See Washington v. Allstate Insurance Co., 901 F.2d 1281, 1284 (5th Cir. 1990).  In Washington the Fifth Circuit explained that

> [u]nder Rule 56, it is not necessary that the district court give ten days' notice after it decides to treat a Rule 12(b)(6) motion as one for summary judgment, but rather after the parties receive notice that the court could properly treat such a motion as one for summary judgment because it has accepted for consideration on the motion matters outside the pleadings, the parties must have at least ten days before judgment is rendered in which to submit additional evidence.

Id. (quoting Clark v. Tarrant County, Texas, 798 F.2d 736, 746 (5th Cir. 1986)).  See also Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2554 (1986) (district courts possess the power to enter summary judgment sua sponte as long as the losing party was on notice that he had to come forward with all of his evidence).

Dr. Holcombe filed his supplemental memorandum in support of his motion to dismiss on February 12, 2010.  Referenced therein are matters outside of the pleadings, including Dr. Holcombe's affidavit.  On February 22, 2010, plaintiff filed his Sur Reply to Dr. Holcombe's motions, to which he too attached matters outside the pleadings, including his affidavit.  On March 22, 2010, Dr. Johnson filed her motion to dismiss and memorandum in support, to which she also attached matters outside the pleadings.  On March 30 plaintiff filed his response to Dr. Johnson's motion, to which he attached matters outside the pleadings, including his

affidavit.  Because all parties have submitted matters outside of the pleadings, Rule 12(d) directs the court to treat the motions to dismiss for failure to exhaust administrative remedies filed by Dr. Holcombe and Dr. Johnson as motions for summary judgment and to dispose of them under Federal Rule of Civil Procedure 56.  See Fed. R. Civ. P. 12(d).  See also Washington, 901 F.2d at 1284 (concluding that ten days after the plaintiff had submitted to the court matters outside the pleadings that he was on notice that the court could treat the motion to dismiss as a motion for summary judgment); Dillon, 596 F.3d at 272 ("We . . . conclude that when courts rule on exhaustion on the basis of evidence beyond the pleadings, the nonmoving party should be granted the protections of Rule 56.  Consequently, we find that the district court did not err in converting Appellees' motion into a motion for summary judgment under Rule 12(d).").

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment.  Fed. R. Civ. P. 56(c).  See also Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant.  Anderson Liberty Lobby, 106 S.Ct. 2505, 2510 (1986).  In reviewing the evidence the court must draw all reasonable inferences in favor of the nonmoving party and avoid credibility determinations and weighing of the evidence.  Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2110 (2000).

-13-

**B.   Applicable Law**

The PLRA requires inmates to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983.   42 U.S.C. § 1997e(a).   A prisoner is required to exhaust his administrative remedies even if the relief being sought is unavailable through the grievance process.   See Booth v. Churner, 121 S.Ct. 1819, 1825 (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures"); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (plaintiff was required to exhaust administra-tive grievance procedure prior to bringing § 1983 action for deliberate indifference to serious medical needs even though he sought only monetary damages that were unavailable through the available grievance process).

The Supreme Court has emphasized that the PLRA requires exhaustion of *all* administrative procedures *before* an inmate can file any suit challenging prison conditions in federal court.   See Woodford, 126 S.Ct. at 2384 (emphasizing that the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . *until such administrative remedies as are available are exhausted*").   Consistent with Supreme Court precedent, the Fifth Circuit has mandated that prisoners must exhaust administrative remedies by complying with applicable

grievance procedures *before* filing federal civil rights actions related to prison conditions. Dillon, 596 F.3d at 265.

However, because exhaustion is an affirmative defense, inmates are not required to plead or demonstrate exhaustion in their complaints. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007). See also Carbe v. Lappin, 492 F.3d 325, 327-28 (5th Cir. 2007) ("[Failure to exhaust] is an affirmative defense under the Federal Rules, a defense belonging to the [defendants] that is waived if not asserted. To the extent decisions of this court have suggested otherwise, they did not survive Jones."). In Dillon, 596 F.3d at 260, the Fifth Circuit addressed the procedures district courts should use to decide exhaustion of administrative defenses in actions like this that are covered by the PLRA. Observing that "[e]xhaustion resembles personal jurisdiction and venue in that it is an affirmative defense that allows defendants to assert that plaintiffs have not invoked the proper forum for resolving a dispute," 596 F.3d at 272, the Fifth Circuit concluded that when the facts regarding the availability of administrative remedies do not overlap with facts regarding the merits of the plaintiff's claims, "judges may resolve factual disputes concerning exhaustion without the participation of a jury." Id. & n.2.

## C. Analysis

The delay of medical care that forms the basis of the plaintiff's complaint allegedly occurred on December 27, 2007.

-15-

Plaintiff admits that he did not exhaust the grievance process available to inmates at the Harris County jail before filing this action.  Because the PLRA expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an institution's procedural rules.  <u>Woodford</u>, 126 S.Ct. at 2389-90. By failing to pursue the grievance procedures in place at the Harris County jail,[12] plaintiff has bypassed available administrative remedies.  Plaintiff argues that his claims are not subject to dismissal for failure to exhaust administrative remedies because he reasonably believed that he could not file a grievance against the defendant doctors.  Alternatively, plaintiff argues that the defendants are estopped from raising exhaustion as an affirmative defense, and that the Statutory Notice of Claims his counsel provided to the County Judge, the County Commissioners, the County

_____

[12]The Harris County Sheriff's Department has a three-step grievance process that allows all persons in custody to attempt informal resolution of grievances, followed by the filing of a formal grievance, and then an appeal.  <u>See</u> Inmate Handbook at pp. 4-5, Exhibit D attached to Plaintiff's Sur Reply and Supplemental Memorandum in Response to Defendant Kenneth E. Holcombe, M.D.'s Supplemental Memorandum Motions to Dismiss Under Fed. R. Civ. P. 12(b)(1) and (6) and Motion for a More Definite Statement Under Fed. R. Civ. P. 12(b)(1) (Plaintiff's Sur Reply to Dr. Holcombe), Docket Entry No. 20.  <u>See also</u> <u>Lane v. Harris County Medical Dep't</u>, Civil No. H-06-0875, 2006 WL 2868944, *3 (S.D. Tex. Oct. 5, 2006) (Atlas, J.), <u>aff'd</u>, No. 06-20935, 2008 WL 116333 (5th Cir. Jan. 11, 2008) (per curiam) (unpublished) (explaining that if a formal grievance is not resolved at the initial level, it goes to a hearing before the Inmate Grievance Board, that inmates are notified of the Grievance Board's decision in writing within fifteen days, and that if the inmate disagrees with the findings of the Grievance Board, the inmate is able to appeal to the Captain of the Inmate Affairs Division).

-16-

Sheriff, and the President of the County Hospital District prior to filing this action exhausted his administrative remedies.

    1.  <u>Waiver</u>

Plaintiff argues that "Dr. Johnson has waived his [sic] right to complain about Plaintiff's alleged failure to exhaust administrative remedies because she did not allege any such affirmative defense in her Answer."[13]  Failure to exhaust is an affirmative defense under the PLRA.  <u>Jones</u>, 127 S.Ct. at 910.  "[I]nmates are not required to specifically plead or demonstrate exhaustion in their complaints."  <u>Id.</u>  Subsequent to <u>Jones</u>, the Fifth Circuit has stated that "[a]ny failure to exhaust must be asserted by the defendant."  <u>Carbe</u>, 492 F.3d at 328.  Following <u>Jones</u> and <u>Carbe</u>, a prisoner's failure to exhaust administrative remedies is undoubtedly an affirmative defense that must be set forth in a responsive pleading or be waived.  Fed. R. Civ. P. 8(c).  Affirmative defenses may be raised in the initial pleading (answer or motion for summary judgment), by amendment, or in a pretrial order that supersedes the pleadings.  <u>Funding Systems Leasing Corp. v. Pugh</u>, 530 F.2d 91, 95-96 (5th Cir. 1976).  Plaintiff's Original Complaint does not contain any mention of his failure to file a grievance against the defendants at the Harris County jail, and the answer that Dr. Johnson filed to that complaint did not assert any affirmative defenses.

---

[13]Plaintiff's Memorandum in Response to Dr. Johnson, Docket Entry No. 22, p. 13 ¶ 32.

In January of this year plaintiff sought and received leave to file his First Amended Complaint.  In that pleading the plaintiff admits that he did not file a grievance regarding the medical care provided to him by the defendant doctors, and alleges that his failure to file a grievance is excusable because the grievance process was unavailable to him.  Alternatively, plaintiff alleges that the defendants are estopped from raising failure to exhaust as an affirmative defense because a nurse supervisor told him that grievances could not be filed against jail doctors, and that the Notice of Claims that his attorney provided to various Harris County officials satisfied the PLRA's requirement that he exhaust his administrative remedies before filing suit.  Because Dr. Johnson's pending motion to dismiss, which the court has converted to a motion for summary judgment, is the first responsive pleading that Dr. Johnson has filed to the Plaintiff's First Amended Original Complaint, the court concludes that Dr. Johnson has timely asserted and not waived the plaintiff's failure to exhaust his administrative remedies as an affirmative defense. Funding Systems, 530 F.2d at 96 (allowing affirmative defense to be raised in motion for summary judgment when that motion is the initial pleading tendered by the defendant).

    2.   <u>Availability of Administrative Remedies</u>

Plaintiff argues that his claims are not subject to dismissal for failure to exhaust administrative remedies because the PLRA

only requires prisoners to exhaust administrative remedies that are "available," and he reasonably believed that the grievance process generally available to Harris County inmates was not available to him because he did not have a complaint about prison conditions, the clear language of the Inmate Handbook Grievance Plan does not include medical doctors, and the nurse supervisor told him that he could not file a grievance against the defendant doctors because they are not county employees.[14]

        (a)  Prison Conditions

    Plaintiff argues that his complaint about the defendant doctors' failure to provide care for his serious medical needs does not constitute a complaint about prison conditions governed by the PLRA.  This argument is foreclosed by the Supreme Court's holding in Porter v. Nussle, 122 S.Ct. 983, 992 (2002), that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  The PLRA's reference to actions "with respect to prison conditions" is interpreted broadly to include actions that allege the denial of medical care.  See Martinez v. Yusuff, 58 Fed. Appx.

_____

    [14]Plaintiff's First Amended Memorandum in Response to Defendant Kenneth E. Holcombe, M.D.'s Motions to Dismiss Under Fed. R. Civ. P. 12(b)(1) and (6) and Motion for a More Definite Statement Under Fed. R. Civ. P. 12(b)(1) (Plaintiff's Memorandum in Response to Dr. Holcombe), Docket Entry No. 18, p. 5; Plaintiff's Sur Reply to Dr. Holcombe, Docket Entry No. 20, pp. 7-10.

596 (5th Cir. 2003) (rejecting argument that claims concerning the denial of medical care need not be exhausted because they are not claims about prison conditions).

(b)  Grievances Against Medical Doctors

Plaintiff's argument that the clear language in the Inmate Handbook Grievance Plan does not include medical doctors is foreclosed by the opening statement in the Grievance section of the Inmate Handbook:  "You may file a GRIEVANCE if you are subjected to any of the following:  a. A Violation of Civil Rights."[15]  See also Lane, Civil No. H-06-0875, 2006 WL 2868944, at *4-*6 (recognizing that grievances concerning the denial of medical care are filed and investigated pursuant to Harris County's jail grievance plan, and granting motion for summary judgment filed by defendant doctors for failure to exhaust administrative remedies).

(c)  Nurse Supervisor's Statements

Plaintiff alleges that he did not file a grievance against the defendants

> because the filing of a Grievance was not available to
> him against the Medical Unit and Defendant Dr. Johnson
> and Defendant Dr. Holcombe in particular.  He had been
> told by the Nurse Supervisor on duty the afternoon of
> December 27, 2007 that he had no available Grievance
> procedures relating to his medical care.  He was further
> told that the doctors of the Medical Unit were not county
> employees.  On December 27, 2007, Plaintiff believed that

---

[15]Inmate Handbook, p. 4, Exhibit D attached to Plaintiff's Sur Reply, Docket Entry No. 20, p. 4.

> according to what the Nurse Supervisor told him that
> afternoon, he had no available grievance procedures
> relating to his medical care either by Defendant
> Dr. Johnson or by Defendant Dr. Holcombe.[16]

Plaintiff alleges that he reasonably believed and relied on the

representation of the nurse supervisor that there was no medical

grievance available to him because he noted that the doctors did

not have a county insignia on their uniforms, and from that he

concluded that the doctors were neither jail deputies nor jail

staff against whom grievances could be filed.[17]  Plaintiff alleges

that "[a]fter he was returned to Harris County Jail on February 15,

2008, as a lifelong paraplegic, he still believed that a Grievance

about medical care was not available to him."[18]  Plaintiff explains

that he believed the grievance procedure described in the Inmate

Handbook was not available to him because it references deputies

and staff members, but does not reference medical doctors.[19]

Plaintiff states that

> to this day, [he] believes that the representation that
> the jail medical care providers were not county employees
> and therefore outside the grievance process is true.
> This fact has also been admitted by the Defendants in
> their filings in this case establishing that they were
> independent contractors hired by physician staffing

---

[16]Plaintiff's First Amended Original Complaint, Docket Entry
No. 17, p. 2 ¶ 7.

[17]Id. at 3 ¶ 8.  See also Plaintiff's Affidavit, Exhibit A
attached to Docket Entry Nos. 20 and 22, pp. 2-3.

[18]Id. ¶ 9.

[19]Id. at 4 ¶ 10.

-21-

services and not by Harris County or the Harris County
Sheriff.[20]

The nurse supervisor's statement that plaintiff could not file
a grievance against the defendant physicians could conceivably
impact whether administrative remedies were "available" to the
plaintiff under 42 U.S.C. § 1997e(a) on December 27, 2007.  See
Dillon, 596 F.3d 268 (citing Brown v. Croak, 312 F.3d 109, 112-13
(3d Cir. 2002) (concluding that statements by prison officials
about  administrative  remedy  process  may  render  remedies
unavailable)).  In Dillon the Fifth Circuit recognized that even
its  strict  approach  to  the  exhaustion  requirement  "does  not
absolutely  foreclose  the  possibility  that  prison  officials'
statements  concerning  administrative  remedies  can  render  such
remedies  unavailable."  Id.  Recognizing  "the  importance  of
ensuring that inmates have avenues for discovering the procedural
rules governing their grievances," id., the Fifth Circuit explained
that "[w]hen a prisoner has no means of verifying prison officials'
claims  about  the  administrative  grievance  process,  incorrect
statements by officials may indeed make remedies unavailable." Id.
(citing  Alexander v. Tippah County, Mississippi, 351 F.3d 626, 630
(5th Cir. 2003) (per curiam), cert. denied, 124 S.Ct. 2071 (2004)
(premising  ruling  that  remedies  were  available  on  prisoner's
knowledge of grievance procedures); and Ferrington v. Louisiana

---

[20]Id. at 3 ¶ 8.   See also Plaintiff's Affidavit, Exhibit A
attached to Docket Entry Nos. 20 and 22, p. 4.

-22-

Department of Corrections, 315 F.3d 529, 532 (5th Cir. 2002) (per
curiam), cert. denied, 124 S.Ct. 206 (2003) (premising ruling that
remedies were available on fact that prisoner "was well aware of
the general procedural requirements described in the inmate
handbook").

There is not enough evidence in the record as to what the
plaintiff knew or could have discovered about the Harris County
grievance system for the court to determine whether the nurse
supervisor's alleged statements made administrative remedies
unavailable to him on December 27, 2007.  Since plaintiff states
that he threatened to file a grievance if he was not allowed to see
a doctor that afternoon,[21] it is clear that the plaintiff had some
understanding of the grievance system.  Less clear is what,
exactly, plaintiff knew or could have discovered about the proper
manner to proceed with a grievance regarding the jail physicians.
Although the record contains a copy of the Inmate Handbook that the
plaintiff could have relied on instead of the nurse supervisor, the
record does not indicate whether the plaintiff received or had
access to the Inmate Handbook on or before December 27, 2007.

---

[21]Plaintiff's First Amended Original Complaint, Docket Entry
No. 17, p. 9 ¶ 23 ("[T]he Plaintiff told the Nurse Supervisor that
he would file a grievance about the refusal of a physician visit
that afternoon, despite his worsening medical condition.").  See
also Plaintiff's Affidavit, Exhibit A attached to Docket Entry Nos.
20 and 22, pp. 2-3.

What is clear, however, is that by May 21, 2008, the plaintiff was represented by counsel.[22]   Plaintiff has not offered any explanation why he could not have discovered through his counsel how to properly exhaust his administrative remedies before filing suit.  See Dillon, 596 F.3d at 268 (citing with approval Lyon v. Vande Krol, 305 F.3d 806, 809 (8th Cir. 2002), for its holding that a prisoner's mistaken "subjective" understanding of a grievance procedure is irrelevant for determining whether remedies are actually available).  In Lyon the court determined that advice given by a rabbi discouraging the prisoner from filing an administrative claim and the prisoner's subsequent belief that the administrative claims process was not available to him were not determinative.  Citing Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied, 121 S.Ct. 1106 (2001), the court stated that its decision turned on whether the administrative remedy was actually available, not on the prisoner's subjective understanding of that process.  The plaintiff's subjective belief that no grievance could be filed against the defendant doctors does not negate the availability of the grievance process.

3.  Estoppel

Plaintiff states that

[t]he Nurse Supervisor represented to the Plaintiff that
Grievances against the doctors was [sic] not available

---

[22]See Statutory Notice of Claims dated May 21, 2008, included in Exhibit C attached to Plaintiff's Sur Reply to Dr. Holcombe, Docket Entry No. 20.

because the doctors were not employees of the county. The Plaintiff, relying on this representation by the Nurse Supervisor, did not file any Grievances against the Defendant Doctors, to his detriment in not filing an administrative Grievance. This representation made by an agent of the Defendant Doctors, in behalf of the Doctors, was reasonably relied upon by the Plaintiff and therefore, the Defendant Doctors are equitably estopped from using exhaustion of administrative remedies as an affirmative defense.[23]

"'Estoppel is an equitable doctrine invoked to avoid injustice in particular cases,' and 'a hallmark of the doctrine is its flexible application.'" Dillon, 596 F.3d at 270 (quoting Heckler v. Community Health Services of Crawford County, Inc., 104 S.Ct. 2218, 2223 (1984)).  The Fifth Circuit has recognized that in some circumstances estoppel can provide a basis for excusing a prisoner's failure to exhaust administrative remedies.  Id. (citing Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (per curiam), overruled by implication on other grounds by Jones, 127 S.Ct. at 910) ("[T]he exhaustion requirement 'may be subject to certain defenses such as waiver, estoppel, or equitable tolling.' Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998), overruled by implication on other grounds recognized by Dillon, 596 F.3d at 270.")).

In this case the court concludes that estoppel is not appropriate.  Citing Sparger v. Worley Hospital, Inc., 547 S.W.2d 582 (Tex. 1977), plaintiff argues that

---

[23]Plaintiff's First Amended Original Complaint, Docket Entry No. 17, pp. 4-5 ¶ 12.

> [t]he Nurse Supervisor was an agent of the Defendant
> doctors.   She was speaking to the doctor about the
> Plaintiff.   She was acting on the doctor's behalf in the
> representation that the Plaintiff could not file a
> grievance about medical care.   It is well established
> that nurses are the agents of the doctors and can only
> act on orders of the doctor.   Therefore, as an agent the
> action of the nurse supervisor was the action of the
> doctors.[24]

In <u>Sparger</u> the issue was whether a physician was vicariously liable

for a hospital nurse's failure to count sponges, which damaged the

plaintiff.   <u>Id.</u> at 583.   Even if, as plaintiff alleges, the state-

ments of the nurse supervisor rendered administrative remedies

unavailable on December 27, 2007, those statements cannot estop the

defendant doctors because they are being sued in their individual

capacities for violation of the plaintiff's civil rights.   In the

context of claims for civil rights violations, "each defendant 'may

be estopped . . . only by reason of [his] own actions.'"   <u>Dillon</u>,

596 F.3d at 270 (quoting <u>Sur v. Glidden-Durkee</u>, 681 F.2d 490, 493

(7th Cir. 1982)).   <u>See also</u> <u>Stewart v. Murphy</u>, 174 F.3d 530, 536

(5th Cir. 1999) (recognizing that prison doctors may not be held

liable for § 1983 violations under a theory of vicarious liability

based on claimed acts or omissions of prison nurses); <u>Thompson v.</u>

<u>Steele</u>, 709 F.2d 381, 382 (5th Cir.), <u>cert. denied</u>, 104 S.Ct. 248

(1983) (holding that supervisory officials cannot be held liable

for violations of § 1983 and explaining that "[p]ersonal involve-

ment is an essential element of a civil rights cause of action").

---

[24]Plaintiff's Sur Reply to Dr. Holcombe, Docket Entry No. 20,
p. 7 ¶ 26.

Accordingly, the defendant doctors are not estopped from raising exhaustion as an affirmative defense.

Moreover, "[a] party claiming estoppel must, among other things, demonstrate that he or she 'reasonably relied on the conduct of the other to his [or her] substantial injury.'"   Id. (quoting Mangaroo v. Nelson, 864 F.2d 1202, 1204 (5th Cir. 1989)). Plaintiff cannot show detrimental reliance on the nurse supervisor's alleged statements because even if those statements made the grievance process unavailable to him on December 27, 2007, plaintiff has failed to offer any reasonable explanation why those statements prevented him from filing a grievance once he was represented by counsel in May of 2008.

4.   Statutory Notice of Claims

Plaintiff states that

[o]n May 21, 2008, the Plaintiff provided written notice of his claims as stated herein.  The receipt of this Notice of Claim was acknowledged by letters from the Harris County Judge Ed Emmett and also from the Harris County Hospital District President/CEO David Lopez, both dated May 23, 2008.  No further communication was received concerning the Plaintiff's Notice of Claim. Therefore, the Plaintiff filed this suit.[25]

The Statutory Notice of Claims that plaintiff's counsel provided to Harris County officials in May of 2008, states

[t]his letter is NOTICE of my client's claim and attempt to resolve this matter without litigation.  Under Tex.

---

[25]Plaintiff's First Amended Original Complaint, Docket Entry No. 17, at p. 4 ¶ 11.

> CIV. PRAC. & REM. CODE § 101.101(a), my client is required
> to provide you with notice of:  (1) the damages or
> injuries claimed; (2) the time and place of the incident
> or incidents, and (3) the facts surrounding the incident
> or incidents themselves.[26]

Plaintiff argues that

> [s]hould the Court find that a grievance procedure was
> available to the Plaintiff, then in the alternative, a
> Notice of Claims, which satisfies the grievance procedure
> for deputies and staff members, was sent to the County
> Judge and Sheriff's Office and others on May 21, 2008
> while Plaintiff was in jail, and prior to the filing of
> suit on December 16, 2009.[27]

Plaintiff has not cited and the court has not found any authority supporting his argument that a Statutory Notice of Claims provided in compliance with § 101.101(a) of the Texas Civil Practices & Remedies Code satisfies the PLRA's requirement that prisoners exhaust administrative remedies before filing civil rights actions in federal court.

Plaintiff's argument is foreclosed by the Supreme Court's holding in Woodford "that proper exhaustion of administrative remedies is necessary," 126 S.Ct. at 2382, and that "proper exhaustion" means that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal

---

[26]Statutory Notice of Claims, p. 1, included in Exhibit C attached to Plaintiff's Sur Reply to Dr. Holcombe, Docket Entry No. 20.

[27]Plaintiff's Sur Reply to Dr. Holcombe, Docket Entry No. 20, p. 9 ¶ 31.

court." Id. at 2384.  See also Wright, 260 F.3d at 358 (rejecting
prisoner's argument that substantial compliance with the prison
administrative remedies procedures satisfied the PLRA's requirement
for exhaustion of administrative remedies).  The PLRA's legislative
history suggests that the statutory phrase "administrative
remedies" refers exclusively to prison grievance procedures.
Senator Kyl, one of the PLRA's co-sponsors, testified

> Mr. President, I join Senator Dole in introducing the
> Prison Litigation Reform Act of 1995.  This bill will
> deter frivolous inmate lawsuits . . .
>
> . . .
>
> Section 7 will make the exhaustion of administrative
> remedies mandatory.  Many prisoner cases seek relief for
> matters that are relatively minor and for which *the
> prison grievance system* would provide adequate remedy.

141 Cong. Rec. S7526-27 (May 25, 1995) (emphasis added) (quoted in
Rumbles v. Hill, 182 F.3d 1064, 1070 (9th Cir. 1999), cert. denied,
120 S.Ct. 787 (2000), overruling on other grounds recognized by
Panaro v. City of North Las Vegas, 432 F.3d 949, 952 & n.5 (9th
Cir. 2005).

In Rowe v. Lilly, 2000 WL 1677710, *2 (S.D.N.Y. 2000), the
court rejected the very argument that the plaintiff makes here.
Like the plaintiff in this action, the Rowe plaintiffs argued that
they had exhausted their administrative remedies as required by the
PLRA by filing Notices of Claim under the New York State Finance
Law.  The court rejected their argument reasoning that "a Notice of
Claim is not an administrative remedy; it is simply, as its name

implies, a notice of claim that the party intends to bring.  Such
Notice is not a substitute for a grievance filed pursuant to
New York State's Inmate Grievance Program." <u>Id.</u>  In § 1983 cases
where public defendants have sought dismissal for failure to
exhaust administrative remedies on grounds that plaintiffs have not
complied with notice-of-claim requirements provided by state tort
statutes like the Texas Civil Practices & Remedies Code, courts
have uniformly held that such plaintiffs need not comply with the
state notice-of-claim requirements because such requirements
neither provide nor invoke administrative remedies.  <u>See</u> <u>Blas v.</u>
<u>Endicott</u>, 31 F. Supp. 2d 1131, 1132 (E.D. Wis. 1999) (concluding
that state notice-of-claim provision and the notice procedure
contemplated therein, did not qualify as an "administrative remedy"
for purposes of § 1997e(a)'s exhaustion requirement); <u>Barry v.</u>
<u>Ratelle</u>, 985 F. Supp. 1235, 1238 (S.D. Cal. 1997) (concluding that
"[t]he legislative history of section 1997e(a), as amended by the
PLRA, seems to indicate that the drafters did not intend to require
prisoners to exhaust state tort remedies before filing a federal
civil rights claim.  It implies that Congress merely intended to
require exhaustion of prison grievance procedures."); <u>Lacey v.</u>
<u>C.S.P. Solano Med. Staff</u>, 990 F. Supp. 1199, 1207 (E.D. Cal. 1997)
(explaining that California Tort Claims Act procedures are
inapplicable to federal civil rights actions). <u>See also</u> <u>Ellibee v.</u>
<u>Posey</u>, 2006 WL 1133210, *3 (D. Kan. 2006) ("notice of claim

requirements are not 'administrative remedies' for purposes of the PLRA").

The court concludes that the plaintiff's admitted failure to file a grievance at the Harris County jail violates the PLRA's mandatory exhaustion requirement, and that the Statutory Notice of Claims that plaintiff's counsel provided to Harris County officials in May of 2008 did not satisfy the PLRA's exhaustion requirement because it neither initiated nor invoked the administrative review process available at the Harris County jail.

**D.   Conclusions**

Because plaintiff admits that he failed to file a grievance at the Harris County jail, because plaintiff has failed to establish that Dr. Johnson waived her right to raise the plaintiff's failure to exhaust his administrative remedies as an affirmative defense, and because plaintiff has failed to establish (1) that the administrative process was not available to him, (2) that the defendant doctors are estopped from asserting failure to exhaust administrative remedies as an affirmative defense, or (3) that the Statutory Notice of Claims that his counsel provided to Harris County officials satisfied the requirement that he exhaust his administrative remedies prior to filing suit, the motions to dismiss for failure to exhaust administrative remedies filed by each of the defendant doctors, which the court has converted to motions for summary judgment, will be granted, and the claims

-31-

asserted against them will be dismissed without prejudice. <u>See</u>
<u>Clifford v. Gibbs</u>, 298 F.3d 328, 333 (5th Cir. 2002) (citing
<u>Wright</u>, 260 F.3d at 358 (holding that dismissal without prejudice
for failure to exhaust administrative remedies was appropriate)).

## V.  <u>Conclusions and Order</u>

Because neither the plaintiff's failure to exhaust his
administrative remedies, nor the plaintiff's failure to allege
facts that tend to show the defendant doctors acted with deliberate
indifference to his serious medical needs deprives the court of the
power to adjudicate plaintiff's claims for denial of medical care
in violation of rights guaranteed by the United States
Constitution, the defendant doctors' motions to dismiss for lack of
subject matter jurisdiction are **DENIED**.  Because all parties have
submitted matters outside the pleadings for the court's
consideration with regard to the defendant doctors' motions to
dismiss for plaintiff's failure to exhaust his administrative
remedies, those motions are **CONVERTED** to motions for summary
judgment pursuant to Federal Rule of Civil Procedure 12(d).
Because the plaintiff admits that he did not file a grievance at
the Harris County jail regarding the defendants' alleged deliberate
indifference to his serious medical needs, the court concludes that
plaintiff failed to satisfy the PLRA's requirement that he exhaust
his administrative remedies before filing this action.  Because
plaintiff has failed to establish a valid excuse for failing to

exhaust his administrative remedies, the defendants' motions to dismiss for failure to exhaust administrative remedies, which the court has converted to motions for summary judgment, are **GRANTED.**

Accordingly, Defendant Kenneth E. Holcombe, M.D.'s Motion to Dismiss Under FRCP 12(b)(1) and (6), and Alternative Motion for More Definite Statement Under FRCP 12(e) (Docket Entry No. 6) is **DENIED IN PART and CONVERTED IN PART to a Motion for Summary Judgment and GRANTED IN PART;** and the Memorandum in Support of Defendant Shawn R. Johnson, M.D.'s Motion to Dismiss Under FRCP 12(b)(1) and (6) and Alternative Motion for a More Definite Statement Under FRCP 12(e) (Docket Entry No. 21) is **DENIED IN PART and CONVERTED IN PART to a Motion for Summary Judgment and GRANTED IN PART.**

**SIGNED** at Houston, Texas, on this the 8th day of April, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE